UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAIM RASOOL MUHAMMAD, § <br> TDCJ No. 999582, § <br>               Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br>              Respondent, § | Civil Action No. 3:21-CV-39-X-BK <br> (Death Penalty Case) |

**ORDER GRANTING JOINT MOTION FOR AMENDED SCHEDULING ORDER**

The matters before the Court are (1) the application for admission Pro Hac Vice filed by attorney Celeste Bacchi on September 10, 2021 (ECF no. 12) and (2) the joint motion for an amended scheduling order, filed October 12, 2021 (ECF no. 13), requesting permission for the filing of an amended petition and relieving Respondent of the duty to respond to Muhammad's original petition. The court will grant both requests.

Background

In May 2013, a Dallas County jury convicted Petitioner of capital murder for the fatal drowning of his sons, five-year-old Naim and three-year-old Elijah. *Muhammad v. State*, AP-77,021, 2015 WL 6749922 (Tex. Crim. App. Nov. 4, 2015), *cert. denied*, 136 S. Ct. 2462 (2016). Based upon the jury's answers to the Texas capital sentencing special issues, the state trial court imposed a sentence of death. The Texas Court of Criminal Appeals affirmed Muhammad's conviction and sentence. *Id.* The same state appellate court subsequently denied Muhammad's application for state habeas corpus relief. *Ex parte Muhammad*, WR-85,343-01, 2020 WL 6777968 (Tex. Crim. App. Nov. 18, 2020).

Joint Motion for a New Scheduling Order

This court issued a scheduling order February 1, 2021 (ECF no. 4), appointing counsel and setting deadlines for the filing of the pleadings in this case. The parties have now apparently reached an agreement to permit Muhammad to file an amended petition in this cause approximately six months after the deadline this court set (consistent with the AEDPA's one-year statute of limitations) for the filing of Muhammad's original petition. Implicit in the new scheduling order jointly requested by the parties is a request that this court relieve Respondent of any obligation to respond to Muhammad's original petition. The court will grant the requests for extensions of time contained in the joint motion for a new scheduling order but reminds the parties that this court lacks the authority to extend the one-year statute of limitations set forth in the AEDPA.

Under the parties' proposed approach, Muhammad filed his original petition on November 13, 2021. Respondent need not file an answer or other responsive pleading to the original petition, however. Instead, consistent with Rule 15, Fed. R. Civ. P., the parties have agreed to allow Muhammad to file his first and only amended petition on or before May 16, 2022. The parties agree that Respondent will thereafter file his response or answer to the amended petition on or before November 14, 2022. The parties agree that Muhammad will file his reply on or before February 13, 2023. This agreed new scheduling proposal should avoid problems with AEDPA's one-year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006) (recognizing that the federal district courts are permitted, but not obliged, to consider the timeliness of a state prisoner's habeas petition).

The parties are advised and admonished that the ordinary pleading and procedural rules applicable to amended pleadings apply to Muhammad's amended petition. Thus, in conformity with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts,

2

both Muhammad's original petition and amended petition must specify all grounds for relief available to Muhammad and state the facts supporting each ground. *Mayle v. Felix*, 545 U.S. 644, 649, 655-56, 661 (2005). Pursuant to Rule 15(c)(2), FED. R. CIV. P., to avoid possible violation of AEDPA's one-year statute of limitations, all claims contained in Muhammad's amended petition must relate back to claims contained in his original petition. *Mayle*, 545 U.S. at 649-50, 655-56. This means, as a practical matter, that the claims contained in Mihammad's amended petition must be supported by the legal theories and facts (in both time and type) alleged in his original petition. *Mayle*, 545 U.S. at 657-59, 664.

Accordingly, it is hereby **ORDERED** that:

1. The application for admission Pro Hac Vice filed by attorney Celeste Bacchi on September 10, 2021 (ECF no. 12) is GRANTED. The Clerk of Court shall deposit the admission fee to account of the Non-Appropriated Fund of this Court. If attorney Bacchi has not already done so, attorney Bacchi must register as an ECF User within fourteen days of the date of this Order.

2. The parties' joint motion for a new scheduling order, filed October 12, 2021 (ECF no. 13) is GRANTED as set forth below.

3. Respondent is not obligated to respond to Muhammad's original petition.

4. On or before May 16, 2022, Muhammad shall file and serve on Respondent's counsel of record an amended petition which conforms in all respects with both Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court and Rule 15(c)(2), FED. R. CIV. P. More specifically, Muhammad's amended petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28

U.S.C. §2254 that Muhammad wishes this Court to consider in connection with his capital murder conviction and sentence of death.

5. On or before November 14, 2022, Respondent shall file his answer or other responsive pleading to Muhammad's amended petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the *Federal Rules of Civil Procedure*. Respondent shall serve Muhammad's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the *Federal Rules of Civil Procedure*.

6. <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly respond to the issue of whether Muhammad has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Muhammad's amended federal habeas corpus petition. If Respondent denies that Muhammad has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Muhammad's amended petition, Respondent shall explain, in detail, those state remedies still available to Muhammad with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Muhammad has procedurally defaulted on any ground for relief contained in Muhammad's amended federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of the Muhammad's grounds for relief Respondent contends are procedurally defaulted from consideration by this Court. The Court would appreciate receiving briefing on the merits of any allegedly procedurally defaulted claims.

7. <u>Abuse of the Writ</u>. In the event Respondent wishes to assert the defense that Muhammad has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Muhammad's grounds for relief herein were either included in a prior federal habeas

corpus petition or could, with the exercise of due diligence on Muhammad's part, have been included in an earlier federal habeas corpus petition filed by Muhammad.

8. <u>Second or Successive Petition</u>.  In the event Respondent wishes to assert the defense that Muhammad's amended petition is a second or successive federal habeas corpus petition filed by Muhammad attacking the same state criminal judgment and that the Muhammad has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

9. <u>Limitations</u>.  In the event that Respondent wishes to assert the defense that Muhammad has failed to file any claim contained in Muhammad's amended federal habeas corpus petition within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Muhammad's amended federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

10. <u>State Court Records</u>.  On or before thirty days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Muhammad's state trial, direct appeal, and state habeas corpus proceedings.  In the event that Muhammad asserts a claim or claims for relief premised upon alleged violations of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall include copies of all juror questionnaires answered by any and all members of the jury venire from which Muhammad's petit jury was selected.

11. <u>Petitioner's Reply</u>.  On or before February 13, 2023, Muhammad shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

12.  <u>Extensions</u>.  Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

13.  The court accepts and adopts all of the remaining agreements contained in the partiers' joint motion for a new scheduling order, filed October 12, 2021 (ECF no. 13), and all such agreements are incorporated by reference herein.

**SIGNED** November 15, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE