UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAIM RASOOL MUHAMMAD, TDCJ No. 999582, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. 3:21-CV-0039-X-BK |
| BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § § § | |
| *Respondent*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. 69]. Petitioner Naim Rasool Muhammad filed an Opposed Motion for Stay and Abeyance, seeking to return to state court to present new evidence on two claims: an *Atkins* intellectual disability claim and a related ineffective assistance of punishment-phase counsel claim.

As the Court sees it, needing a factual determination on Muhammad's intellectual disability claim is inevitable. If the Court finds Muhammad's *Atkins* claim is unexhausted, then Muhammad would return to state court to present

1

evidence and a factual determination would be made on that claim.[1]  Alternatively, if the Court finds Muhammad's *Atkins* claim is procedurally barred, then the Court would still need to determine if the "miscarriage of justice" or "actual innocence" exception would apply—requiring a merits finding on Muhammad's *Atkins* claim. Either way, both roads lead back to the state courts for a factual finding.  At bottom, whether Muhammad is intellectually disabled is a question of fact for the state courts.[2]  And with a merits determination, the Court's job is clear: follow AEDPA's command of deference.[3]  But without such a factual determination, this Court must return this case to the state courts.

The Magistrate Judge reasoned that a stay and abeyance is justified because the Supreme Court highlighted changing standards for intellectual disability that must be considered when making factual findings.  Respondent objects, claiming that "Muhammad fails to show good cause for a stay based on changing standards for intellectual disability absent a showing that those changes are the reason he can

---

[1] After the Supreme Court's holdings in *Moore v. Texas*, 581 U.S. 1 (2017) (*Moore I*) and *Moore v. Texas*, 139 S. Ct. 666 (2019) (*Moore II*), state courts have routinely made rulings on *Atkins* claims. *See Ex parte Cathey*, No. WR-55,161-02, 2021 WL 1653233, at *1 (Tex. Crim. App. Apr. 28, 2021); *Ex parte Long*, No. WR-76,324-02, 2023 WL 4227994, at *2 (Tex. Crim. App. June 28, 2023).

[2] *See Ex parte Cathey*, 2021 WL 1653233, at *1 (finding that a habeas applicant was not intellectually disabled using the standards in *Moore I* and *Moore II*); *Ex parte Long*, 2023 WL 4227994, at *2 (finding that a habeas applicant was intellectually disabled using the standards in *Moore I* and *Moore II*).

[3] *See Busby v. Davis*, 925 F.3d 699, 710–11 (5th Cir. 2019) ("More recently, the Supreme Court emphasized that AEDPA demands deference to state court dispositions of *Atkins* claims"); *see also Blue v. Thaler*, 665 F.3d 647, 654 (5th Cir. 2011) (stating that AEDPA "commands substantial deference to the factual determinations made by state courts").

establish an *Atkins* claim now."[4] But it is not the Court's job to determine whether Muhammad can establish an *Atkins* claim. That's for the state courts to decide. So, the Court agrees with the Magistrate Judge's ultimate conclusion to grant the stay on Muhammad's *Atkins* claim, but for a more fundamental reason. There is no state court factual finding on intellectual disability for this Court to defer to under AEDPA. Accordingly, the Court **OVERRULES** Respondent's objections.

Muhammad filed an objection too.[5] Muhammad objects to the order requiring him to seek the appointment of counsel upon return to state court. Instead of appointed counsel, Muhammad requests that the current federal public defender continue the representation throughout the state-court litigation. But federalism is a beautiful thing, and this Court will not command a federal employee to lawyer up Muhammad's state court proceeding. Instead, the Court agrees with the Magistrate Judge's order that Muhammad must move for appointment of counsel in state court under Sections 6(b-1) and 6(b-2) of Article 11.071 of the Texas Code of Criminal Procedure. Accordingly, the Court **OVERRULES** Muhammad's objection.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation

---

[4] Doc. 72 at 2.

[5] Doc. 71.

of the United States Magistrate Judge. [Doc. 69]. Accordingly, the Court **GRANTS IN PART** Muhammad's Opposed Motion for Stay and Abeyance, granting a stay for the *Atkins* intellectual disability claim but not for the ineffective assistance of punishment-phase counsel claim.

**IT IS SO ORDERED** this 28th day of September, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE